UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| DOYLE HICKSON, RAFAEL CAMPOS, MICHELLE FERGUSON, BURNIS HALL, CAROL MEADOWS, JAMIE MENDEZ, AND GERARDO TREVINO, INDIVIDUALLY, AND ON BEHALF OF OTHERS SIMILARLY SITUATED<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | § Civil No: _____<br>§<br>§<br>§<br>§<br>§<br>§<br>§ **CLASS ACTION COMPLAINT**<br>§<br>§<br>§<br>§<br>§<br>§ |

Plaintiffs Doyle Hickson, Rafael Campos, Michelle Ferguson, Burnis Hall, Carol Meadows, Jamie Mendez, and Geraldo Trevino, by and through their attorneys of record, file this their Original Class Action Complaint complaining against the United States Postal Service and further allege as follows:

### I.   PARTIES TO THE ACTION

1. Individual and representative Plaintiff Doyle Hickson resides in Linden, Cass County, Texas. At the time suit was filed, Doyle Hickson was a current employee of the United States Postal Service (hereinafter "USPS").

2. Individual and representative Plaintiff Rafael Campos resides in Grand Prairie, Dallas County, Texas. At the time suit was filed, Rafael Campos was a current employee of USPS.

3. Individual and representative Plaintiff Michelle Ferguson resides in DeSoto, Dallas County, Texas. At the time suit was filed, Michelle Ferguson was a current employee of USPS.

4.  Individual and representative Plaintiff Burnis Hall resides in Austin, Travis County, Texas. At the time suit was filed, Burnis Hall was a current employee of USPS.

5.  Individual and representative Plaintiff Carol Meadows resides in Nederland, Jefferson County, Texas. At the time suit was filed, Carol Meadows was a current employee of USPS.

6.  Individual and representative Plaintiff Jamie Mendez resides in Brownsville, Cameron County, Texas. At the time suit was filed, Jamie Mendez was a current employee of USPS.

7.  Individual and representative Plaintiff Gerardo Trevino resides in Olmito, Cameron County, Texas. At the time suit was filed, Gerardo Trevino was a current employee of USPS.

8.  Defendant UNITED STATES POSTAL SERVICE is a quasi-governmental entity with offices and stations throughout the United States, including Texas, New Mexico, Louisiana, Arkansas and Oklahoma. The USPS may be served with process by serving (i) the Postmaster General & CEO John (Jack) E. Potter at 475 L'Enfant Plaza SW, Washington, D.C., 20260, (ii) the Attorney General, U.S. Department of Justice, at 950 Pennsylvania Avenue NW, Washington D.C., 20530-0001, and (iii) the Civil Service Process Clerk, Office of the U.S. Attorney for the Eastern District of Texas, as P.O. Box 2090, Texarkana, Texas, 75504.

## II. JURISDICTION AND VENUE

9.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under the FLSA, 29 U.S.C. § 216(b) et seq. Jurisdiction is further proper in this Court under 39 U.S.C. § 409(a), as United States District Courts have original jurisdiction in suits brought against the United States Postal Service.

10.   Venue is proper in the United States District Court, Eastern District of Texas pursuant to 28 U.S.C. § 1391, as the Defendant is an agency of the United States and Plaintiff Doyle Hickson resides in this judicial district.

11.   The United States has waived sovereign immunity of the USPS over claims alleging a violation of the Federal Fair Labor Standards Act ("FLSA") by specifically including postal employees among the list of employees covered by the FLSA. 29 U.S.C. § 203(e)(2)(B).

### III. Preliminary Statement

12.   This is a collective action brought by Individual and Representative Plaintiffs Doyle Hickson, Rafael Campos, Michelle Ferguson, Burnis Hall, Carol Meadows, Jamie Mendez, and Gerardo Trevino, on their own behalf and on behalf of the proposed Class identified below. Plaintiffs and putative class members were or are employed by the USPS as non-exempt City Postal Carrier employees and have (a) had overtime disallowed, (b) had time improperly changed by a supervisor, (c) been required to work through lunch to complete their route, (d) worked while off-the-clock and/or (e) worked overtime and not been paid.

13.   The Collective Class ("Class Members") is made up of all persons who are or have been employed as City Postal Carriers by the USPS as non-exempt employees in the Southwest Area of Texas, New Mexico, Louisiana, Arkansas and Oklahoma at any time during the Class Period that commences as of three years prior to the filing date of this Complaint and continues until the final disposition of this case.

14.   During the relevant Class Period, the USPS failed or refused to pay overtime compensation to the Plaintiffs and the Class Members as required by federal law in addition to not compensating the Plaintiffs and the Class Members for "off the clock" labor,

requiring the Plaintiffs and the Class Members to work through lunch to complete their routes and improperly altering the time records of the Plaintiffs and the Class Members to deprive them of full compensation. Plaintiffs seek relief individually and for the Class Members pursuant to the applicable provisions of federal law, to remedy the Defendant's failure to pay all wages due and pay appropriate overtime compensation.

### IV. FACTS

15. Plaintiffs and similarly situated Class Members are employed, or have been employed, with USPS in the past three years at City Postal Carriers. The Plaintiffs and similarly situated Class Members work as City Postal Carriers in the USPS throughout the Southwest Area of Texas, New Mexico, Louisiana, Arkansas and Oklahoma   Each of the Plaintiffs and similarly situated Class Members are paid hourly.

16. In an effort to save overtime costs, the officers and executives of the USPS have determined to give the Plaintiffs and the Class Members overburdened routes (i.e., routes that require more than eight (8) hours to deliver) but require the Plaintiffs and the Class Members to deliver the mail in eight (8) hours or less.

17. After casing a particular day's mail volume and prior to leaving the post office to begin delivery, the Plaintiffs and Class Members inform the USPS (by and through their supervisors) on a daily basis if it will take more than eight (8) hours to complete their routes. The Plaintiffs and Class Members are able to determine whether it will take longer than eight hours to case the day's mail, deliver the mail and return to the post office based on their knowledge and experience and the mail volume on the particular day.  Plaintiffs and Class Members have been routinely denied overtime (or disallowed overtime) even when it is clear that more than an eight hour shift will be required to complete their tasks and deliver the mail.  Because many Plaintiffs and Class Members are denied overtime before they begin

actual delivery of the mail, Plaintiffs and Class Members regularly work through their lunches, or take abbreviated lunch breaks, in order to deliver mail as quickly as possible on overburdened routes.

18.  Many days, however, even if the Plaintiffs and Class Members work through their lunches, their routes take longer than eight hours to complete and overtime is incurred. Upon returning to the post office after spending more than eight hours casing their mail and delivering it to their customers, the Plaintiffs and Class Members are still denied overtime compensation. Defendant, through policy implemented from within the USPS headquarters and that filters down to Regional Vice Presidents and local station managers, routinely and knowingly refuse to compensate the Plaintiffs and Class Members for time in excess of eight hours in a given day. Defendant, acting by and through its various managers, routinely alters time records to deprive the Plaintiffs and Class Members of earned compensation and overtime, requires Plaintiffs and Class Members to complete beginning or end of day tasks "off the clock" and disallows overtime requests.

19.  The USPS has created an environment, specifically in the Southwest Area, wherein Plaintiffs and Class Members are working during their lunch hours (not relieved of all duties) in order to deliver their route in the time demanded so as to avoid harassment or potential discipline. Moreover, Plaintiffs and Class Members also work "off the clock" before and after their work shift in order to deliver the route that they have been assigned in the time demanded by the USPS. Class Members who have not been able to deliver the route in eight (8) hours or less have faced discipline, including emergency suspension and proposed termination.

## V.   COLLECTIVE CLASS ALLEGATIONS

20.     Plaintiffs Doyle Hickson, Rafael Campos, Michelle Ferguson, Burnis Hall, Carol Meadows, Jamie Mendez, and Gerardo Trevino, as class representatives (the "Class Representatives"), bring this action on their own behalf and as a collective action on behalf of the following defined class:

**Proposed Class:**   All persons who were, are, or will be employed by the United States Postal Service as non-exempt employees as City Postal Carriers in the states of Texas, New Mexico, Louisiana, Arkansas and Oklahoma within three years of the filing of this Complaint until the final disposition of this case.

21.     <u>Numerosity</u>: The Proposed Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the relevant time period, the Defendant employed over 20,000 people who satisfy the definition of the Proposed Class.

22.     <u>Typicality</u>: The Plaintiffs' claims are typical of the members of the Proposed Class.  Like other non-exempt employees, Plaintiffs routinely work or have worked more than eight hours per day and more than 40 hours per week during the Class Period and have been denied overtime compensation.  Plaintiffs were subject to the USPS' policy and practice of failing to pay appropriate overtime compensation, requiring employees to perform work-related tasks while "off the clock", altering time records to deprive the Plaintiffs from full compensation and improperly disallowing overtime.

23.     <u>Superiority</u>:  A collective action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in court against a large and sophisticated defendant with significant financial resources.

24. <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests of the Proposed Class, and Plaintiffs have retained counsel experienced in complex wage and hour litigation and representing tens of thousands of clients in mass litigation.

25. <u>Commonality</u>: Common questions of law and fact exist to all members of the Proposed Class and predominate over any questions solely affecting individual members of the Proposed Class, including but not limited to:

   A. Whether the USPS disallowed and/or refused to pay, overtime labor performed by the Plaintiffs and members of the Proposed Class;

   B. Whether the USPS employs and employed Plaintiffs and members of the Proposed Class within the meaning of federal law;

   C. Whether the USPS illegally changed the Plaintiffs' and members' of the Proposed Class time records;

   D. Whether the Plaintiffs and members of the Proposed Class worked during their lunch breaks to complete their routes and were not properly compensated for working through lunch breaks;

   E. Whether the Plaintiffs and members of the Proposed Class performed work-related tasks "off the clock" before and after their shifts and were not properly compensated for such labor;

   F. Whether the USPS unlawfully failed to pay Plaintiffs and members of the Proposed Class overtime wages and other compensation in violation of the FLSA;

   G. Whether the USPS willfully violated the FLSA; and

   H. The proper measure of damages sustained by the Plaintiffs and members of the Proposed Class.

26. This case is maintainable as a collective action because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for the USPS. Further, adjudication of each individual Class Member's claim as a separate action would be

dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

27. Class certification is also appropriate because questions of law and fact common to the Proposed Class predominate over any questions affecting only individual members of the Proposed Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The USPS' common and uniform policies and practices denied and continue to deny members of the Proposed Class the overtime pay to which they are entitled. The damages suffered by the individual Proposed Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about the USPS' practices.

28. Plaintiffs intend to send notice to all members of the Proposed Class. The names and addresses of the members of the Proposed Class are available from the USPS.

### VI. COUNT ONE – (FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT)

### ON BEHALF OF THE PLAINTIFFS AND THE TEXAS, NEW MEXICO, LOUISIANA, ARKANSAS AND OKLAHOMA FLSA COLLECTIVE CLASS

29. Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

30. Plaintiffs Doyle Hickson, Rafael Campos, Michelle Ferguson, Burnis Hall, Carol Meadows, Jamie Mendez and Gerardo Trevino consent in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b).

31.  At all relevant times the USPS has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 20 U.S.C. § 203.  At all relevant times, the USPS has employed and continues to employ non-exempt employees, like Plaintiffs and the Class Members.

32.  The FLSA requires each covered employer such as the USPS to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of eight hours per day and forty hours per work week.

33.  During the Class Period and their employment with the USPS, Plaintiffs and the Class Members routinely worked in excess of eight hours per day and forty hours per workweek without overtime compensation. Despite the hours worked by Plaintiffs and the Class Members, the USPS willfully, in bad faith, and in knowing violation of FLSA, failed and refused to pay them overtime compensation by improperly disallowing overtime, altering the hourly records of the Plaintiffs and similarly situated Class Members, requiring them to perform labor "off the clock" without compensation, requiring them to work through lunches to complete their routes without compensation and otherwise failing to compensate them for overtime labor performed.

34.  The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

35.  Plaintiffs and the Class Members seek damages in the amount of their respective unpaid overtime compensation and compensation for "off the clock" work during the Class Period, plus liquidated damages, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.  Each Plaintiff and Class Member has suffered damages in excess of $10,000 during the relevant Class Period.

36. Plaintiffs and the Class Members seek recovery of their attorneys' fees and costs to be paid by the USPS, as provided by the FLSA, 29 U.S.C. § 216(b).

## VII.   PRAYER

WHEREFORE, Plaintiffs on behalf of themselves and all members of the Proposed Class, pray for relief as follows:

    A.    That the USPS is found to have violated the overtime provisions of the Fair Labor Standards Act as to the Plaintiffs and the Class; Members

    B.    That the Proposed Class be certified;

    C.    That the USPS' violations as described above are found to be willful;

    D.    An award to Plaintiffs and the Class Members for damages and the amount of unpaid wages owed, including interest thereon, and liquidated damages and penalties subject to proof at trial due to the USPS' unlawful activities pursuant to the FLSA §§ 201, et seq., as identified herein above;

    E.    For equitable relief, including any injunctive relief necessary to enjoin and/or restrain retaliatory/discriminatory actions by the USPS to any Plaintiff, Class Member and/or witness;

    F.    An award of attorneys' fees, expert witness fees and costs;

    G.    For pre- and post-judgment interest at the maximum lawful rate; and

    H.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

### IX. DEMAND FOR JURY TRIAL

Pursuant to the Federal Rules of Civil Procedure, Plaintiffs, individually and on behalf of the similarly situated Class Members, demand a trial by jury.

Respectfully Submitted,

HARRISON DAVIS STEAKLEY, P.C.

\_\_\_\_/s/_____
Billy H. Davis, Jr.
State Bar No. 05570500
Matthew J. Morrison
State Bar No. 24028602
5 Ritchie Road
Waco, Texas 76712
(254) 761-3300
(254) 761-3301 (facsimile)
www.TheTrialLawyers.com

REBECCA L. FISHER & ASSOCIATES

Rebecca L. Fisher
Rebecca L. Fisher & Associates
State Bar No. 00790687
P.O. Box 417
McGregor, Texas 76657
(254) 840-0220
(254) 840-0219 (facsimile)

**ATTORNEYS FOR THE PLAINTIFFS**