IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| DOYLE HICKSON, RAFAEL CAMPOS, MICHELLE FERGUSON, BURNIS HALL, CAROL MEADOWS, JAMIE MENDEZ AND GERARDO TREVINO, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>Plaintiffs<br><br>V.<br><br>UNITED STATES POSTAL SERVICE<br>Defendant | No. 5:09CV83 |

## MEMORANDUM ORDER

The above-entitled and numbered civil action was heretofore referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Plaintiff filed objections to the Report and Recommendation. The Court conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

Doyle Hickson, Rafael Campos, Michelle Ferguson, Burnis Hall, Carol Meadows, Jamie Mendez, and Gerardo Trevino, all individually and on behalf of all others similarly situated ("Plaintiffs"), filed this collective action against the United States Postal Service ("Defendant" or the "USPS") for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et. seq*. Plaintiffs and the putative class members are former or current non-exempt city postal carriers ("City Carriers") for the USPS and have allegedly (I) had overtime disallowed, (ii) had time

improperly changed by a supervisor, (iii) been required to work through lunch to complete their route, (iv) worked while off-the-clock, and/or (v) worked overtime and not been paid. Specifically, Plaintiffs allege the USPS failed to compensate Plaintiffs and the putative class members for "off the clock" labor; required Plaintiffs and the putative class members to work through lunch to complete their overburdened routes; and improperly altered the time records of Plaintiffs and the putative class members to deprive them of full compensation.

Plaintiffs filed a motion to conditionally certify a collective action, seeking: (I) approval for the case to proceed as a collective action for overtime compensation under the FLSA; and (ii) authorization to issue notice and Consent To Join forms to all non-exempt USPS City Carriers in the USPS Southwest Region of Texas, New Mexico, Louisiana, Arkansas and Oklahoma.[1]

## REPORT AND RECOMMENDATION

In her Report and Recommendation dated July 22, 2010, the Magistrate Judge recommended Plaintiffs' motion be denied. Before determining whether this case should be conditionally certified, the Magistrate Judge first considered Defendant's argument that Plaintiffs have not even alleged an FLSA violation in their complaint. Finding Plaintiffs' allegations sufficiently state a potential FLSA claim, the Magistrate Judge then considered whether, under the facts of this case, collective treatment is appropriate. Considering all of the allegations and the evidence submitted by Plaintiffs, the Magistrate Judge concluded Plaintiffs fail to allege or provide any evidence showing that they and the potential class members are bound together as victims of a single or common policy,

---

[1] The putative class members are all persons who are or have been employed as City Carriers by the USPS as non-exempt employees in the Southwest Area at any time during the Class Period that commences as of three years prior to the filing date of the complaint and continues until the final disposition of this case.

2

practice, or decision that violates the FLSA. The Magistrate Judge also considered the separate issue of manageability and concluded Plaintiffs' individualized allegations, combined with the potentially massive putative action, make conditional certification of a collective action unmanageable.

**OBJECTIONS**

Plaintiffs filed objections to the Magistrate Judge's Report and Recommendation. Specifically, Plaintiffs assert the Magistrate Judge erred by failing to apply the "fairly lenient" standard of review articulated in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D. N.J. 1987) that "typically results in 'conditional certification' of a representative class."

***DE NOVO* REVIEW**

Here, the Magistrate Judge considered whether, based on Plaintiff's pleadings and evidence, this action should be conditionally certified as a collective action and notice of the action given to putative class members. In their objections, Plaintiffs assert the applicable case law requires only that Plaintiffs submit "substantial allegations," not substantial evidence of a single decision, policy, or plan to violate the FLSA by Defendant. First, the Court notes the Magistrate Judge not only specifically outlined the *Lusardi* standard in her applicable law section, but she also properly applied that standard at this initial notice stage. Acknowledging the standard was a fairly lenient one, the Magistrate Judge also noted the power to authorize notice must be exercised with discretion and only in appropriate cases. (Report and Recommendation at pg. 28). This was not one of those cases in her opinion.

The Magistrate Judge made clear that this first look at the appropriateness of the collective action is not rigorous. However, as noted by the Magistrate Judge, case law also makes clear that Plaintiffs must establish a "colorable basis for their claim that a class of similarly situated plaintiffs

exists." *Smith v. Heartland Automotive Services, Inc.*, 404 F.Supp.2d 1144, 1149 (D. Minn. 2005). "A colorable basis means that plaintiff must come forward with something more than the mere averments in its complaint in support of its claim." *Thompson v. Speedway SuperAmerica, LLC*, 2009 WL 130069, *6 (D. Minn. 2009)(citation and quotations omitted). Plaintiffs must present at least some evidence beyond unsupported factual assertions of a "single decision, policy, or plan." *Xavier v. Belfor USA Group, Inc.*, 585 F.Supp.2d 873, 877 (E.D. La. 2008). Stated differently, an FLSA collective action determination is appropriate where there is a "demonstrated similarity among the individual situations . . . some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]." *Id.* at 877-78 (brackets in original). This standard has been applied in this district in *H&R Block*:

> [A]lthough the standard for satisfying the first step is lenient, . . . the court still requires at least 'substantial allegations that the putative class members were together victims of a single decision, policy or plan infected by discrimination.' [C]ourts who have faced the question of whether movants established substantial allegations have considered factors such as whether potential plaintiffs were identified . . .; whether affidavits of potential plaintiffs were submitted . . .; and whether evidence of a widespread discriminatory plan was submitted. . . .

186 F.R.D. at 400. After specifically noting courts usually makes a decision based on the pleadings and any affidavits that are submitted, the Magistrate Judge specifically considered both Plaintiff's pleadings and evidence to determine whether Plaintiffs had substantial allegations that the putative collective action members were together victims of a single decision, policy, or plan.

Regarding how the USPS specifically denied overtime compensation owed Plaintiffs and putative collective action members, Plaintiffs allege they have "(a) had overtime disallowed, (b) had time improperly changed by a supervisor, (c) been required to work through lunch to complete their route, (d) worked while off-the-clock *and/or* (e) worked overtime and not been paid." (Compl. at

4

¶12)(emphasis added). According to the Magistrate Judge, these are all different alleged practices by the USPS in denying City Carriers overtime compensation allegedly owed Plaintiffs and the putative collective class members. The Court agrees with the Magistrate Judge that Plaintiffs' repeated use of the "and/or" construction throughout their pleadings creates numerous different alleged practices rather than a single alleged practice.

Turning to Plaintiffs' evidence, the Magistrate Judge correctly noted how Plaintiffs' reliance on the "and/or" construction in their consent forms and in their declarations further illustrate there are at least four different USPS practices alleged to have violated the FLSA. In their objections, Plaintiffs assert the alleged single practice is that Plaintiffs have incurred unpaid overtime as a consequence of the USPS assigning overburdened routes and that the implementation of this practice of overburdening routes results in "off the clock" work, alteration of clock rings, and improper disallowance of overtime requests.

In her Report and Recommendation, the Magistrate Judge relied extensively on *Saleen v. Waste Mgmt., Inc.*, 2009 WL 1664451 (D. Minn. 2009), a case with facts similar to those involved in this case. The plaintiffs in *Saleen* moved for conditional certification of a potential class of 20,000 to 30,000 waste-collection drivers of Waste Management, Inc. ("WMI"), a national waste-services company. *Id.* at *1-2. The plaintiffs alleged that WMI subjected drivers to an unlawful time-keeping system that automatically deducted 30-minute meal breaks from employee time records. *Id.* The plaintiffs made allegations similar to those made in this case, claiming that supervisors pressured drivers to work through lunch to complete pick-ups, contrary to the defendant's official policies. *Id.* at *5-6.

There, the plaintiffs submitted 112 declarations and deposition excerpts suggesting that

supervisors put pressure on drivers to work through lunch. *Id*. at *5. Each declarant testified that for a majority of shifts he or she worked through the meal period but was not compensated for the overtime. *Id.* The court noted that "[f]rom the experiences of these individuals, the plaintiffs ask the court 'to infer that WMI had a common, nationwide, unlawful policy not to compensate for untaken meal breaks.'" *Id.* The court refused to draw the inference, finding that the plaintiffs failed to present sufficient evidence to support it.

> The reasons alleged for WMI's failure to compensate are too varied for the Court to conclude that there is a single decision, policy, or plan by WMI not to [sic] compensate its drivers . . . for time worked through meal breaks. For instance, 38 of the 112 declarants state that they were not compensated because they were unaware of a way to reverse the automatic deduction. Another 33 of the declarants state that they were told (or that it was made clear to them by their supervisors) that the meal break would be deducted from their hours regardless of whether they actually took the break or attempted to reverse the automatic deduction. And 42 of the declarants state that they were not provided overtime compensation for time worked through the meal breaks, but do not address why they were unable to reverse the automatic deductions.

*Id.* The "myriad reasons alleged why the deponents and declarants were not paid for untaken meal breaks" did not provide a colorable basis that the plaintiffs and the potential collective action members were together the victims of a single decision, policy, or plan.

Plaintiffs assert the plaintiff in *Saleen* had failed to allege a policy by the defendant to violate the FLSA. However, the Magistrate Judge noted that the plaintiffs in *Saleen* alleged the defendant had a policy to automatically deduct 30 minutes for a meal time regardless of whether the driver took the full break. In *Saleen*, the court found that this was insufficient to allege a common policy, noting that "this case is not about meal-break labor practices; it is about overtime compensation for putatively thousands of employees, and Plaintiffs' showing demonstrates that there is no single policy about that core issue from which a collective action can emanate." *Id.* at *6.

Similarly, Plaintiffs' overarching allegation of a USPS practice of overburdening the delivery routes is insufficient to substantially allege a common practice. The Court agrees with the Magistrate Judge there is no single practice about the alleged denial of earned overtime compensation from which a collective action can emanate.

Having determined Plaintiffs fail to allege or provide any evidence showing that they and the potential class members are bound together as victims of a single or common policy, practice, or decision that violates the FLSA, the Magistrate Judge could have ended her inquiry. Instead, she also addressed whether conditional certification would be manageable under the facts of this case. Plaintiffs object, asserting the Magistrate Judge's consideration of manageability was premature. According to Plaintiffs, the issue is more properly considered at the decertification stage.

Although manageability is appropriately considered during the second, decertification stage of the *Lusardi* analysis, the Court is not convinced the Magistrate Judge gave undue consideration to the manageability issue at this stage. Plaintiffs' objections are without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to Conditionally Certify Collective Action (Dkt. No. 20) is **DENIED**.

**SIGNED this 28th day of September, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE